POOLER, Circuit Judge,
dissenting in the denial of rehearing en banc:
I fully join Chief Judge Jacobs’ dissent from the denial of rehearing en banc. I write separately only to further highlight the injustice this court’s denial permits. It is probably correct that generally the New York state ineffective assistance standard is more lenient towards defendants than the federal standard. Rosario, however, I am sure would disagree. The state standard can act to deny relief despite an egregious error from counsel so long as counsel provides an overall meaningful representation. This is contrary to Strickland. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Far from being a theoretical problem as the concurrence suggests, this seems to be exactly what happened in Rosario’s case. All three members of the Rosario panel agreed that defense counsels’ performance was probably ineffective under Strickland even though it was not ineffective under the state standard. Rosario v. Ercole, 601 F.3d 118, 126 (2d Cir.2010); id. at 129 (Straub, J., dissenting).
At least we all can agree that the New York state courts would be wise to evaluate counsels’ performances separately under the federal and the state standards. Doing so will likely prevent future defendants from being penalized by a lacuna in a state standard that we have upheld because it supposedly works to their benefit.